In the Interest of D.C., J.C., A.C., J.L.C., T.C., and M.C., Children.

Appeal of D.M.C., Natural Mother.

No. 88–708.

Court of Appeals of Iowa.

Dec. 22, 1988.

As Corrected Jan. 25, 1989.

Craig Shannon of Grefe & Sidney, Des Moines, for appellant mother and appellee children.

Thomas J. Miller, Atty. Gen., Kathrine S. Miller–Todd, Asst. Atty. Gen., and Ray Blase, Asst. Co. Atty., for appellee State.

Kendall R. Watkins of Comito & Capps, Des Moines, guardian ad litem, for the children.

Heard by OXBERGER, C.J., and DONIELSON and SACKETT, JJ.

DONIELSON, Judge.

D.M.C., the mother of six children, appeals from the juvenile court order terminating her parental rights. She challenges the sufficiency of the evidence to establish that the children cannot eventually be returned to her custody.

This case involves six children: one boy, T.C., born in December 1983; and five girls, D.C., born in February 1979, J.L.C. in September 1980, A.C. in September 1981, J.M.C. in December 1982, and M.C. in February 1985. It appears that the children all have the same father but he has played no role in the children's lives for several years.

The children were living with their mother in December of 1985 when they were adjudicated to be children in need of assistance. The grounds for this action were inadequate shelter and medical care, unsafe conditions for living and playing, and inadequate supervision. The children were left in their mother's physical care, subject to supervision by the Department of Human Services. However, in September of 1986 the children were removed from the mother's home on an emergency basis due to neglect and inadequate supervision. The children were placed in foster care where they still remain.

In December 1987 the State filed the present petition to terminate the mother's parental rights with respect to all six children. After a hearing, the juvenile court terminated the mother's parental rights. The juvenile court relied on Iowa Code section 232.116(1)(e) (Supp.1987). The mother has appealed from the termination order, challenging the sufficiency of the evidence to establish that the children cannot eventually be returned to her custody.

Our review of proceedings to terminate a parent-child relationship is de novo. Iowa R.App.P. 4. We review the facts as well as the law and adjudicate the parents' rights anew. *In Interest of Dameron*, 306 N.W.2d 743, 745 (Iowa 1981). However, weight is to be accorded the findings of the juvenile court, especially when considering the credibility of the witnesses. *Id.*

Central to a determination of this nature are the best interests of the child. *Long v. Long*, 255 N.W.2d 140, 143 (Iowa 1977). We look to the child's long range as well as immediate interests. Hence we consider what the future likely holds for the child if returned to his or her parents. *Dameron*, 306 N.W.2d at 745. Insight for this determination can be gained from evidence of the parent's past performance because that performance may be indicative of the quality of future care that parent is capable of providing. *Id.*

Although this court recognizes a parental interest in the integrity of the family unit, this interest is not absolute but may be forfeited by certain parental con-

duct. *In Interest of Wall,* 295 N.W.2d 455, 457 (Iowa 1980). The State has the duty as *parens patriae* to assure that every child within its borders receives proper care and treatment and the State must intercede when parents abdicate that responsibility. *Dameron,* 306 N.W.2d at 745.

The termination statutes are preventative as well as remedial. *Id.* The provisions mandate action to prevent probable harm to a child and do not require delay until after harm has occurred. *Id.*

The mother's rights were terminated pursuant to Iowa Code section 232.116(1)(e). The court may terminate a parent's rights with respect to a child when all of the following are found to have occurred:

(1) The child has been adjudicated a child in need of assistance pursuant to section 232.96.

(2) The custody of the child has been transferred from the child's parents for placement pursuant to section 232.102 for at least twelve of the last eighteen months.

(3) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102.

Iowa Code § 232.116(1)(e) (Supp.1987).

The only element being challenged is the clear and convincing evidence that the child cannot be returned to the custody of the child's parents. The appellant argues that the mother is doing the best as could be expected for someone with six children so close in age. However, we find that the children have suffered or are imminently likely to suffer harmful effects as a result of the mother's failure to exercise a reasonable degree of care in supervising the children. Iowa Code § 232.2(6)(c)(2).

Between December 3, 1985, when the children were first adjudicated in need of assistance, and December of 1987, when the termination proceedings took place, the court held review hearings to monitor the mother's progress in her parenting skills. As of the March 6, 1986, review hearing, three new child abuse referrals had been received and investigated. One child burned her foot playing with an iron. The youngest had a bruise and a puncture wound on her left eye. Another singed her hair while playing with a lighter.

The next hearing was in August of 1986. Six unfounded child abuse reports had been filed since the last hearing. One substantiated report was based on T.C. being locked out of the house, left to play unsupervised. The next hearing was on October 3, 1986, after the emergency removal. All the children, except the youngest, were reported outside, unattended, most of the day. The children were often in the street, sometimes even laying down. One car had to stop to avoid hitting T.C., age two. T.C. and J.M.C. (age three) followed the mailman a block and a half away from home. Three of the girls had been seen with pop bottles in their vaginas. D.C. and J.L.C. were seen with their pants down in the park. The children were observed mooning cars and using profanity. In addition, three of the children have glasses but did not wear them at all required times. Despite all of this, the mother maintained there was no supervision problem.

Even after removal during supervised visits, the mother was reluctant to discipline her children and allowed dangerous activities to continue. D.M.C. has not made an effort to teach the children rules of safety such as not playing in the street or wearing shoes when playing near broken glass. Probable harm is a consequence of D.M.C.'s failure to reasonably supervise her children. Therefore, we feel termination of her parental rights is in the long range best interests of the children.

D.M.C. fails to appreciate the danger of allowing her children to run free without supervision. She has been provided with several services to improve her parenting skills, but none of the services have been effective. D.M.C. did not utilize the court-ordered therapy at the Polk County Mental Health facility. Her psychological evaluation concluded that she has a tendency to dismiss or not to deal with problems. Consequently, we see little hope for her improvement.

Iowa recognizes that termination must occur when enough time has passed and the parent still cannot take care of the children. *In Interest of T.D.C.*, 336 N.W. 2d 738, 744 (Iowa 1983). The children should not be forced to endlessly suffer the parentless limbo of foster care. *Long v. Long*, 255 N.W.2d 140, 146 (Iowa 1977). Clear and convincing evidence supports termination of D.M.C.'s rights with respect to these six children. Therefore, the decision of the district court is affirmed.

AFFIRMED.

OXBERGER, C.J., concurs.

SACKETT, J., specially concurs.

SACKETT, Judge (specially concurring).

I concur in the result only.