# IN THE COURT OF APPEALS OF IOWA

No. 15-0475
Filed July 9, 2015

IN THE INTEREST OF J.S., J.S.,
and J.S.,
      Minor Children,

B.S., Father,
      Appellant.
_____

Appeal from the Iowa District Court for Scott County, Mark R. Fowler, District Associate Judge.


The father appeals from an order placing his child with the child's paternal grandmother. **AFFIRMED.**


Steven W. Stickle of Stickle Law Firm, P.L.C., Davenport, for appellant.

Thomas J. Miller, Attorney General, Bruce Kempkes, Assistant Attorney General, Michael Walton, County Attorney, and Julie Walton, Assistant County Attorney, for appellee.

Martha L. Cox, Bettendorf, for mother.

Dana L. Copell of Law Office of Dana L. Copell, Davenport, for child.

Timothy Tupper of Tupper Law Firm, Davenport, guardian ad litem for child.


Considered by Tabor, P.J., McDonald, J., and Goodhue, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**MCDONALD, J.**

This is the second time this family and this proceeding has come before this court. In the prior case, the father appealed an order adjudicating his children, Je.S., Ja.S., and Ju.S., in need of assistance pursuant to Iowa Code section 232.2(6)(c)(1) and (c)(2) (2013) and the dispositional order placing Je.S. in foster care. *See In re J.S.*, No. 14-1014, 2014 WL 4938012, at *2 (Iowa Ct. App. Oct. 1, 2014). This court affirmed the adjudication and disposition orders. *See id.* at *3-4. The evidence supporting the adjudication and disposition orders is set forth in the prior decision and need not be repeated here. In short, the children suffered from severe emotional distress, including suicidal ideation, caused by the parents' volatile, contentious, and argumentative relationship.

After the appeal in the first case was concluded, the State filed a motion to modify disposition and visitation with respect to child Je.S. Independent of the State's motion to modify disposition, review of the disposition order was necessary because Je.S.'s placement with the foster care family was set to end. The foster family reported to the Iowa Department of Human Services ("IDHS") that they were "worn out" by the father's harassing emails and vague threats and no longer wished to provide foster care for the child. The foster family's report regarding the father's conduct was consistent with other reports received. Specifically, evidence adduced during the disposition review hearing showed the father continually harassed IDHS employees and Je.S.'s therapist regarding minutiae related to this proceeding without focusing on his own behaviors. At hearing on the matter, the State recommended the child be placed with her

paternal grandmother rather than returned home. The child also requested she be placed with her paternal grandmother rather than returned home. The child did not wish to have any further contact with her father because of his past behaviors. The juvenile court concluded the permanency goal for Je.S. should remain reunification with the family. The juvenile court also concluded the best way to achieve the permanency goal was to place the child with the paternal grandmother, require continued therapy and other services for the family, and require the father and Je.S. reinitiate communication, progressing from electronic communication to, hopefully, in-person visitation.

The father filed an application for interlocutory appeal, which the State resisted. The supreme court determined the order appealed from was a final order for the purposes of this appeal and transferred the matter to this court. The mother also sought appellate review of the same order. The supreme court dismissed the mother's appeal for failure to file a petition on appeal within fifteen days of filing her notice of appeal. On appeal, the father contends the juvenile court should have continued placement of Je.S. in foster care rather than with his own mother. The basis for his argument is that he does not like his mother and believes that placement with her will interfere with reunification efforts. Indeed, there is a no-contact order prohibiting the father and his mother from having contact with each other.

We review the juvenile court's order de novo. *In re J.S.*, 846 N.W.2d 36, 40 (Iowa 2014). Our primary concern is the child's best interests. *See id.* The requested change of placement here constituted a request for modification of the

disposition order. *See In re Leehey*, 317 N.W.2d 513, 515 (Iowa Ct. App. 1982). "[The] party seeking a modification of the custody provisions of a prior dispositional order must show the circumstances have so materially and substantially changed that the best interest of the child requires such a change in custody." *In re C.D.*, 509 N.W.2d 509, 511 (Iowa Ct. App. 1993). The father does not contest the evidence establishing a material and substantial change in circumstances. The child's current placement cannot continue because of the father's behavior toward the foster family.

In determining disposition, the juvenile court is required to reach the "least restrictive disposition appropriate considering all the circumstance of the case." Iowa Code § 232.99. The code sets forth possible dispositions in sections 232.100 through 232.102, from least restrictive to most restrictive. Suspending judgment is the least restrictive alternative. *See* Iowa Code § 232.100. Transfer of legal custody and placement away from the parent is the most restrictive. *See* Iowa Code § 232.102. Within section 232.102 several alternatives are provided, including placement with another parent, relative, or suitable person; placement with a child-placing agency, facility or institution; or placement with IDHS. *See* Iowa Code § 232.102(1)(a)(1)-(3). Our supreme court has interpreted these sections to favor placement with a relative over placement with a non-relative. *See In re N.M.*, 528 N.W.2d 94, 97 (Iowa 1995). However, because the best interests of the child must be the primary concern, the district court is not required to order placement with relatives over other alternatives. *See, e.g., In re*

*T.H.*, No. 02–1844, 2003 WL 21543837, at *2 (Iowa Ct. App. July 10, 2003) (affirming placement in foster care over placement with grandmother).

The father makes no claim that Je.S. can be returned to his care. He instead argues "Je.S. should have been placed in a local foster home so that regular visits can be facilitated between the father and daughter." As the juvenile court noted, although placement with a foster family may allow Je.S. to reside locally, there is no guarantee that she would be placed with a foster family in the same area. Furthermore, the issue giving rise to the modification—namely, the father's conduct toward the foster family—would be likely to reoccur if Je.S. was placed with another foster family in the area. *See In re D.C.*, 436 N.W.2d 644, 645 (Iowa Ct. App. 1988) (noting a parent's past conduct is a good indication of how the parent will behave in the future). The record is rife with evidence of the father's harassing behavior toward the foster family, the child's therapist, and IDHS employees. Finally, the father concedes he has not had visitation with Je.S. since November 2013 because the father rejected the visitation arrangement suggested by Je.S.'s therapist.

We conclude Je.S.'s placement with her paternal grandmother is in the child's best interest, and we affirm the juvenile court's order. The child requested to be placed with her paternal grandmother. While the father and his mother appear to have no relationship, there is no evidence she would interfere with reunification efforts. The juvenile court's order specifically instructed that the father and daughter are to resume supervised communication via telephone and digital conferencing, progressing to in-person visitation. The juvenile court also

specifically instructed the family to continue with services to facilitate communication and reunification. We are confident IDHS will monitor this family and provide the appropriate services.

The "goals of chapter 232 [are] to provide for the child's welfare and promote placement with parents or relatives." *N.M.*, 528 N.W.2d at 97. Thus, the home of a relative is considered less restrictive than placement in a private agency, facility, or institution or placement with IDHS. *See id.* This interpretation is in harmony with federal regulations, which require states to consider "giving preference to an adult relative over a non-related caregiver when determining a placement for a child." 42 U.S.C. § 671(a)(19). Given the foregoing, we affirm the order of the juvenile court.

**AFFIRMED.**